## Ambron v. Taylor

*John W. Morris*, for plaintiffs.

*Martin G. Mallox* and *Julian Wessell*, for defendants.

DOTY, *J.*, June 30, 1981—This matter comes before the court on remand from the Commonwealth Court. The Commonwealth Court consolidated two appeals, no. 2456 C.D. 1978 and no. 83 C.D. 1979. Both appeals concerned the reassignment of the four plaintiffs from their positions as Prosecution Detectives to "equivalent" positions as Uniformed Police Officers.

Plaintiffs Al Ambron, Robert Barrett, Oscar Bowen and Joseph Kelly were Philadelphia Policemen who were reassigned to the district attorney's office pursuant to 16 P.S. § 7741. Bowen became a Prosecution Detective in 1971, and the others became Prosecution Detectives in 1977. On June 9, 1978, all four detectives were notified that they were being "transferred" back to the Police Department. Plaintiffs complied but under protest, and requested that the Civil Service Commission conduct hearings on the transfers. The Commis-

sion refused the request for hearings on the transfers. The Commission refused the request for hearings on the grounds that it lacked jurisdiction. Plaintiffs appealed the refusal to the Court of Common Pleas, no. 120 July term, 1978, on July 3, 1978. This court denied plaintiffs' appeal on October 4, 1978, for lack of jurisdiction.

On September 26, 1978, plaintiffs requested a hearing from Edward Rendell, District Attorney. On September 27, 1978, a similar request was made of Lewis Taylor, Personnel Director. Both officials refused to hear plaintiffs' grievances, and plaintiffs appealed those refusals to the Court of Common Pleas (no. 4774 October term, 1978) on October 26, 1978. This court refused plaintiffs' second appeal on April 3, 1979, also for lack of jurisdiction.

Plaintiffs appealed both court orders denying their appeals to the Commonwealth Court, no. 2456 C.D. 1978 and no. 830 C.D., 1979, which consolidated the two cases for appeal. It then remanded them to this court with instructions to hear the merits of plaintiffs' claims.

Defendants allege that plaintiffs' filing of this appeal was untimely, because the action against District Attorney Edward Rendell and former Personnel Director Lewis Taylor occurred more than 30 days after the "adjudication." Defendants define the date of adjudication as the effective date of plaintiffs' reassignments. While it is true that plaintiffs did not demand a hearing from the district attorney or the personnel director until more than 30 days after their reassignments, the appeal to this court were made within 30 days of the refusals. Furthermore, the appeals to both the Civil Service Commission and to this court were made within 30 days of the reassignments. Since this

court is authorized to hear both appeals, the alleged untimeliness of one does not affect the outcome of the case. Additionally, defendants' failure to plead untimeliness in the original proceedings may be construed as a waiver of that defense.

The facts of the case are virtually uncontested: the four plaintiffs were appointed as Philadelphia Policemen in 1958, 1964, 1964 and 1956, respectively. On October 25, 1971, Bowen became a Prosecution Detective as a result of an "equivalent position change." On May 16, 1977, the other three plaintiffs similarly became Prosecution Detectives. These appointments were made pursuant to 16 P.S. §7741, and are not being challenged. On or about June 12, 1978, plaintiffs were reassigned to the "equivalent positions" of Police Officers. These reassignments are now being challenged.

The positions involved are civil service positions, and are subject to the provisions of the Home Rule Charter and Civil Service Regulations. Both the Home Rule Charter, §7-401(m), and Civil Service Regulations, §13.02, provide for the transfer of employees between positions within the same class. A classification plan was established in accordance with Home Rule Charter §§7-400, 7-401(a). Thus, the question of whether the two positions are in the same class is determined by whether they have been so placed in the classification plan, not on whatever similarities may exist between the positions in question. Defendants concede that the positions of Police Officer and of Prosecution Detective are not in the same class. Thus, there is no authority under Home Rule Charter §7-401(m) or under Civil Service Regulations §13.02 for the transfer which occurred.

Defendants contend, however, that the reassignment was an "equivalent position change"

rather than a "transfer" and is authorized by Civil Service Regulation §2.21. That regulation reads in full:

*"Equivalent Position Change*—a reassignment of an employee from a position in one class to a position in a comparable class in the same minimum qualification requirements, skills, aptitudes or abilities."

There is no regulation implementing "equivalent position changes" or stating under what conditions they may be ordered, nor is there any further reference to these changes in the regulations. The definition is the only acknowledgment that such reassignments occur. The Home Rule Charter, which is very specific about the elements that should be covered by the Civil Service Regulations, makes no mention of "equivalent position changes", although it does provide for transfers within a class. See Home Rule Charter §7-401(m).

The mere presence of a definiton of "equivalent position change" in the Civil Service Regulations cannot be considered as proper authorization for involuntary reassignments of civil service personnel. Even if the regulations could be construed so that "equivalent position changes" could occur under the same circumstances as "transfers" there would be no authority under the Home Rule Charter for such a provision. Thus, the involuntary reassignments of plaintiffs from Prosecution Detectives to Police Officers cannot be upheld because the positions are not within the same class, and there is no authority under the Home Rule Charter or the Civil Service Regulations for an official to order civil service employees to submit to "equivalent position changes."

Defendants allege that plaintiffs were told, upon

assignment to the district attorney's office, that the assignments might not be permanent. The Civil Service Regulations provide for permanent, temporary, and provisional assignments. All plaintiffs were working as Prosecution Detectives for over a year prior to their reassignments. Neither temporary nor provisional assignments may continue for more than six months or 90 days, respectively, in any 12 month period. Therefore, the appointments must necessarily have been "permanent," notwithstanding any alleged suggestions to the contrary.

Finally, defendants' assertions that the transfers are simply routine personnel shifts cannot be sustained. The positions were not in the same class, and it is only transfers within a class which may be made under the circumstances described here. While it is true that employees do not have guarantees that they will remain in a single office or department throughout their careers, every employee is protected against certain personnel actions: arbitrary demotions, suspensions, dismissals, and implicitly, inter-class transfers. If law enforcement procedures require the flexibility of permitting transfers of the kind that are involved in this case, and if the positions are sufficiently similar so that such transfers are justifiable, it is incumbent upon the district attorney, or other concerned individuals to utilize the process outlined in the Civil Service Regulations §§55.06-5.10 to effect a consolidation of the two positions into a single class. Such consolidations are valid under Home Rule Charter §7-401(a) and would provide the district attorney with the flexibility to validly accomplish what was attempted here.

## ORDER

Therefore, based on all of the above, it is hereby ordered and decreed that this matter is remanded back to the personnel director and that he and the district attorney are to take whatever administrative steps are necessary to reinstate plaintiffs in their former positions with the district attorney's office, without prejudice to their current status within the Police Department with regard to salary, fringe benefits and seniority.